**NUCLEAR DATA, INC., a corporation, Plaintiff,**

**v.**

**ATOMIC ENERGY COMMISSION, an Executive Agency of the United States, et al., Defendants,**

**Searle Analytic, Inc., a corporation, Intervenor-Defendant.**

**No. 71 C 2608.**

United States District Court, N. D. Illinois.

Sept. 11, 1973.

William A. Montgomery, Peter V. Fazio, Jr., Thomas P. Luning and Susan A. Henderson, of Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Chicago, Ill., for AEC.

Sidley & Austin, Chicago, Ill., for Hal O. Anger.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motions of defendants for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff, Nuclear Data, Inc. (hereinafter referred to as "Nuclear Data" or "plaintiff") is a Delaware corporation having its principal place of business in Illinois. Defendant Atomic Energy Commission (hereinafter referred to as the "AEC") is an Executive Agency of the United States established pursuant to 42 U.S.C. § 2031. Defendant Roland A. Anderson (hereinafter referred to as "Anderson"), an officer and employee of the United States serving at all times relevant to this action as Assistant General Counsel for Patents of the AEC, has been dismissed from the case. Defendant Hal O. Anger (hereinafter referred to as "Anger"), a resident of Berkeley, California, is a scientist employed by the Donnor Laboratory of the University of California at Berkeley. Intervenor-defendant Searle Analytic, Inc. (hereinafter referred to as "Searle") is a Delaware corporation with its principal place of business in Illinois.

The suit is one for judicial review of administrative action constituting a waiver of patent rights by the AEC. Jurisdiction was alleged to be founded upon the provisions of 5 U.S.C. § 702, 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 42 U.S.C. § 2232; the Court, in its prior opinion on a motion to dismiss [Nuclear Data, Inc. v. Atomic Energy Commission, 344 F.Supp. 719, 722–724 (N.D.Ill. 1972)], upheld jurisdiction under 5 U.S. C. § 702.

The uncontroverted facts include the following: Anger, while employed under a contract between the AEC and the University of California, allegedly invented a medical device utilizing nuclear material. The contract between the AEC and the University gave the AEC "sole power to determine whether or not and where a patent application shall be filed, and to determine the disposition of the title to and rights under any application or patent that may result."

Pursuant to an application filed on January 2, 1958, Anger was issued United States Letters Patent No. 3,011,057 (hereinafter referred to as the " '057 patent") on November 28, 1961, covering his purported discovery. In connection with the issuance of the '057 patent, the AEC, through Anderson, reserved to the United States an exclusive license to use the patent for both governmental and non-governmental purposes. By the license terms, the AEC had the power to license others, such as plaintiff, to use the '057 patent in whatever manner the agency deemed desirable, whether through sublicensing manufacturers or otherwise.

On March 19, 1962—almost three years after the issuance of the exclusive license—the AEC, again through Anderson, executed a second license agreement. This document by its terms cancelled and revoked the first license and divested the United States of all rights in the '057 patent except for a non-exclusive right to use it for governmental purposes only. The second license agreement ostensibly corrected the first license agreement which "through mutual error in the preparation and execution" accorded the United States "certain additional exclusive rights" in the '057 patent.

In support of their instant motion defendants reassert many of the arguments offered in support of their previous motion to dismiss. Upon reconsideration of these arguments, the Court reaffirms its holdings in Nuclear Data Inc. v. Atomic Energy Commission, supra, for the reasons expressed therein. Specifically, the Court now determines (1) that it has subject matter jurisdiction under 5 U.S.C. § 702; (2) that plaintiff has standing to bring the instant action as a competitor and manu-

facturer of nuclear devices; (3) that the challenged agency determinations are reviewable since they do not fall within the narrow agency discretion exception of 5 U.S.C. § 701(a)(2); (4) that the action is timely since it was brought only ten months after plaintiff acquired standing; and (5) that the due process clause of the fifth amendment is applicable to this agency determination since it was in the nature of an "adjudication", not a "rule-making", as these terms are defined in the Administrative Procedure Act (5 U.S.C. § 551).

After submitting that summary judgment is appropriate here since no questions of material fact are present, defendants contend that they are entitled to judgment as a matter of law for the following reasons: (1) that the AEC's waiver of its claim to Anger's invention was neither arbitrary nor in excess of its statutory authority and thus was not in violation of Article IV, Section 3, Clause 2 of the Constitution; (2) that the AEC's actions in executing both the first and second license agreements, independent of the waiver, had a rational basis and were within the statutory authority of the AEC; and (3) that any defect in the AEC's procedure with respect to the waiver did not prejudice plaintiff.

■ The Court is of the opinion that summary judgment is inappropriate in this case. It is not clear that the AEC officials determined that the waiver would serve to "strengthen free competition in private enterprise" [42 U.S.C. § 2011(b)] or "encourage widespread participation in the development and utilization of atomic energy for peaceful purposes" [42 U.S.C. § 2013(d)], some of the self-pronounced purposes of the Atomic Energy Act which may be used as guidelines for discretionary decisions. Indeed, the Court notes that the AEC's waiver decision removed the AEC's power to grant royalty-free licenses to an unlimited number of manufacturers.

Accordingly, defendants are not entitled to judgment as a matter of law.

Moreover, the Court does not have before it all the information upon which the AEC predicated its decision to waive rights in the '057 patent. The Court must have such information in order to determine whether the AEC's actions had a rational basis or were in excess of its statutory authority. As the Supreme Court has stated,

"[R]eview is to be based on the full administrative record that was before the [agency] at the time [of the] decision. But since the bare record may not disclose the factors that were considered or the [agency's] construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the [agency] acted within the scope of [its] authority and if the [agency's] action was justifiable under the applicable standard." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971).

Thus, it appears necessary for an intelligent review of the AEC's action to allow further discovery in this area.

■ Likewise, further discovery in this area would indicate whether the AEC's decision might have been different had its procedure been less summary in nature. It is clear that, if the AEC had not waived its rights, plaintiff could have obtained a royalty-free license without having to meet the rigid requirements enunciated in the compulsory licensing provisions of 42 U.S.C. § 2183; thus, plaintiff has been prejudiced by the decision to waive. Further discovery will enable the Court to determine whether the AEC procedure constituted prejudicial error with respect to plaintiff.

Accordingly, it is hereby ordered that defendants' motion for summary judgment is denied and that the parties shall proceed with discovery as to the basis for the waiver decision.